## Commonwealth v. Rosier.

*Practice, O. and T.—Murder—Trial—Continuance on petition of counsel averring impossibility of preparing for trial by day fixed.*

Defendant, who had been indicted for murder, was arraigned Feb. 17th and pleaded not guilty; the court fixed Feb. 27th for the trial. On Feb. 23rd her counsel filed his personal petition under oath, averring, *inter alia*, that there were several witnesses, one in Western Pennsylvania, others outside the jurisdiction, and others within the jurisdiction whom he had been unable to find, and whom he would have to serve with process and interview, and whose evidence he must consider in preparing the defence, and that it was impossible to do this before the day fixed for trial, and, hence, defendant could not have a fair and just trial if tried on the 27th. The averments in regard to the difficulty of getting in touch with witnesses were not denied by the answer filed by the district attorney: *Held*, that the case should be continued to a later date.

Motion for continuance. O. and T. Phila. Co., Feb. Sess., 1922, Nos. 288, 289, 290 and 291.

*Maurice J. Speiser*, Assistant District Attorney, for plaintiff.

*John R. K. Scott*, for defendant.

ROGERS, J., Feb. 23, 1922.—This is a motion for a continuance of the above case by way of a petition, personally sworn to by John R. K. Scott, Esq., counsel for the defendant.

The prisoner, now confined in the Philadelphia County Prison, is charged with having shot and killed Oscar Rosier, her husband, and Mildred Reckitt on Jan. 21, 1922. Shortly after the commission of the crime, she was arrested. On Jan. 23, 1922, she was committed by Benjamin F. Renshaw, Esq., magistrate, to the County Prison to await the action of the coroner. On Jan. 27, 1922, after the coroner's inquest, she was held to await the action of the grand jury, charged with having caused the death of her husband, Oscar Rosier, and Mildred Reckitt. Bills of indictment were duly prepared by the district attorney's office, submitted to the grand jury, and four true bills were found on Feb. 15, 1922, by the grand jury, charging her with the murder of her husband, Oscar Rosier, and the murder of Mildred Reckitt. In each instance other bills of manslaughter were found. On the following day, Feb. 16, 1922, after notice had been given to counsel for the defendant by the Clerk of the Court of Oyer and Terminer on Feb. 15, 1922, that she would be arraigned the next day, the defendant was brought from the County Prison on the morning of Feb. 16, 1922, and, being duly arraigned upon the four bills of indictment, pleaded not guilty. Thereupon the Assistant District Attorney, Mr. Speiser, moved that the court set the day of Monday, Feb. 27, 1922, for the trial of this case. To this motion counsel for the defendant interposed an objection. However, the court, having in mind the necessity for the prompt dispatch of public criminal business consistent with justice, set the date of Feb. 27, 1922, as the date of trial. And now, Feb. 23, 1922, counsel for the defendant, upon his personal petition, sworn to before a notary public, has set forth twenty-five reasons for the continuance of this case. Among his reasons submitted for a continuance is that it is a physical impossibility for him, as counsel for the defendant, to properly prepare this case for trial, due to the fact that there are several witnesses, one in Western Pennsylvania, and others outside of the jurisdiction, as well as others within the jurisdiction, whom he has been unable to locate and whom he will have to serve with process, interview and consider their evidence in relation to a proper defence of the prisoner. The other reasons advanced in the petition the court does not deem it necessary to consider. To this motion for a continuance the District

1 D. & C.

Commonwealth *v.* Rosier.

Attorney, under oath before a notary public, of course, has filed an answer, which the court received this morning; that is to say, the date of Feb. 23, 1922. Yesterday being a holiday, we are informed that the answer was deposited with the stenographer of the court. He has filed an objection, and in the answer to the petition it averred that the case should proceed to trial for the reasons contained in that answer. While the allegations are admitted, as contained in the petition, as to the dates upon which the case came on for trial through the various and usual channels of legal procedure, still, on the other hand, the petitioner has averred reasons for a continuance that are necessarily without the knowledge of the District Attorney, that are vague and indefinite and of a general character, and might well be presented in any case where a continuance is sought by counsel. The District Attorney very properly points out his duty as a public officer, with which the court agrees and which the court has been one to aid in every way to expedite a hearing of cases consistent with justice, to the end that public criminal business will not be delayed. However, the court feels that as counsel for the defendant, a reputable and honorable member of the Philadelphia Bar, has made a solemn oath to the petition herein presented, and has personally stated to the court that this defendant would be denied the just and fair trial due her, under the laws, upon this serious crime, the highest known to the law, to wit, murder, to which she is entitled, as well as every other defendant, if the trial should proceed upon the date heretofore fixed, we feel we should take cognizance of that statement and the affidavit of counsel with regard to the inability to give the prisoner a fair trial at this time, and should weigh his personal averment with exceeding care. The fact that counsel has averred in his petition that the present case has been the subject of widespread publication and notoriety by newspaper reports is of no moment. This case, as well as all others that come before the bar of justice, is to be considered upon its merits, and justice done to the Commonwealth as well as to the prisoner at the bar, without sympathy, without prejudice and without passion one way or the other.

As we have stated, inasmuch as counsel for the prisoner has averred in his petition that it would be a physical impossibility for him to properly prepare the case so as to give the defendant at this particular time a fair trial, owing to the absence of witnesses, that fair trial which is accorded to all defendants in a court of justice, the court feels that those statements should be carefully considered, and that by reason of the lapse of time that is sworn to in this petition, which the answer of the District Attorney does not deny, though he does state he is unaware of the facts otherwise set forth therein, the prisoner ought to have time to have the witnesses that it is averred are absent.

The court is willing to sit at any time for the trial of this case on a date to be arranged by the District Attorney and counsel for the prisoner. We will try it at any time, either next week or whenever it suits the parties.

Upon this motion, under the petition which has been sworn to by counsel for defendant, as we repeat, stating that he will have to serve with process, interview and consider the testimony of witnesses in relation to the proper defence of the prisoner, serious consideration has been given, and the court feels inclined to grant this motion for a continuance, and, in view of all the facts, the motion for a continuance is allowed and the petition is granted.